# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARIO DIAZ, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) ) | Case No. 19-cv-448-JPG |
| WEXFORD, INC., JANE DOES NURSES, and DR. V. SHAH, | ) ) ) ) | |
| Defendants. | | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Mario Diaz, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs. He asserts claims against the defendants under the Eighth Amendment. Plaintiff seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint, Plaintiff makes the following allegations: Plaintiff suffers from Parkinson's Disease. Prior to transferring to Lawrence, he was receiving a prescription drug for his condition three times a day. (Doc. 1, p. 5). When he transferred to Lawrence, however, he was only given the drug twice a day. In April 2018, he was seen by two Jane Doe nurses (Jane Doe #1 and Jane Doe #2) who asked him why he was only taking two doses of the drug. He informed them that he did not know why he was not receiving the third dose and that he had put in several requests to the healthcare unit about the issue and never received a response. (*Id*.).

Plaintiff also began having pain in his right shoulder. He put in several requests to see the doctor beginning in May 2018. (Doc. 1, p. 6). He saw a nurse on June 4, 2018 and she put in a request for Plaintiff to see the doctor, but the call pass was ultimately canceled. He received x-rays of his right shoulder on June 20, 2018 but subsequent call passes to the healthcare unit were cancelled. (*Id*.). He also put in several requests to be seen for his shoulder pain but never received a response. He was given ibuprofen in October, but the medication did not help his pain. (*Id*. at p. 7). He finally saw Dr. Shah on December 7, 2018 and Plaintiff informed him about the prior surgery on his right shoulder and his continued pain. (*Id*. at p. 5). Dr. Shah provided Plaintiff a cream for the pain. (*Id*. at p. 7). He ran out of the cream one week later and informed the healthcare unit in a note that the cream was not helping.

## Preliminary Dismissals

Although Plaintiff identifies several Jane Doe nurses throughout his Complaint he fails to allege that they acted with deliberate indifference in treating his conditions. He alleges that two Jane Doe nurses inquired about his Parkinson's medication, but he fails to allege that they treated his condition with deliberate indifference. Instead, they merely inquired as to why he was taking

only two doses of the medication when he was prescribed three. As Plaintiff fails to allege any deliberate indifference on the part of the Jane Doe nurses, the Court **DISMISSES** them **without prejudic**e.

As to Wexford, Inc., although Plaintiff identifies Wexford in the caption of his Complaint, he fails to include any allegations against it in his statement of claim. A corporation can be held liable for deliberate indifference if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff, however, fails to point to any policy or practice that caused any violation of his constitutional rights. Accordingly, Wexford, Inc. is also **DISMISSED without prejudice**.

### Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count in this *pro se* action:

> **Count 1:** Dr. Shah was deliberately indifferent under the Eighth Amendment in treating Plaintiff's shoulder pain.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Count 1

Plaintiff fails to state a claim against Dr. Shah for deliberate indifference. The only allegations in the Complaint regarding Dr. Shah suggest that Plaintiff saw him on one occasion in

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

December 2018 and that Dr. Shah provided him with a cream for his shoulder pain. Although Plaintiff alleges that the cream did not help his pain, there is no indication in the Complaint that Dr. Shah was aware that the cream was not helping. Plaintiff does allege that he was in pain from June 2018 and continued to put in request slips to see the doctor throughout that time period, but there is no indication in the Complaint that Dr. Shah was aware of those requests or participated in the canceling of those request slips. Accordingly, there are no allegations in the Complaint which suggest deliberate indifference on Dr. Shah's part. Instead, the Complaint alleges that when Dr. Shah saw Plaintiff, he listened to his complaints and then provided him medication for his pain.

## Pending Motions

In his Motion for Counsel (Doc. 3), Plaintiff indicates that the attorneys he has written have not responded. He does not, however, identify the names of the attorneys or even the number of attorneys that he wrote. Based on this lack of evidence the Court cannot determine if Plaintiff has made a *reasonable* attempt to obtain counsel. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Plaintiff should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case. Plaintiff's motion for counsel (Doc. 3) is **DENIED without prejudice**.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **July 24, 2019.** Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiff was previously **ORDERED** to submit his filing fee or file a motion to proceed without prepayment of the filing fee within thirty (30) days. (*See* Doc. 2).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 6/26/2019**

s/J. Phil Gilbert<br>
**United States District Judge**
