# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIO DIAZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br><br>V. SHAH,<br>UNKNOWN PARTY WEXFORD<br>OFFICIALS,<br>IDOC,<br>NURSE BROOKS,<br>and MRS. CUNNINGHAM,<br><br>　　　　Defendants. | Case No. 19-cv-448-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Mario Diaz, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's original Complaint alleged a single count against Dr. Shah for deliberate indifference to Plaintiff's shoulder pain. The Court dismissed the original Complaint for failure to state a claim and Plaintiff was given leave to amend (Doc. 8). In his First Amended Complaint, Plaintiff alleges Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is

1

legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Although Plaintiff's original Complaint alleged that he suffered from Parkinson's Disease and right shoulder pain, Plaintiff's First Amended Complaint provides even less details about his condition. His First Amended Complaint alleges that the defendants have denied him medical care for a "very painful and serious medical condition" for two years. (Doc. 21, p. 1). This condition appears to be the right shoulder he identified in his original Complaint. (*Id*. at p. 4). Defendants have provided him with capsaicin cream and Ibuprofen but he is still in pain. (*Id*. at p. 3).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count in this *pro se* action:

> **Count 1:** Defendants were deliberately indifferent in the treatment of Plaintiff's right shoulder in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

Plaintiff's First Amended Complaint again fails to state a claim. He alleges that he has right shoulder pain and that the defendants provided him with cream and Ibuprofen but he has informed the defendants that the medications do not help the pain. He fails, however, to identify which of

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

the defendants provided him with this care or whether certain individuals refused to provide him with additional care after he informed them that the medications were not working. (Doc. 21, p. 3). He also fails to identify which defendants he spoke to about his continued pain. Plaintiff offers only conclusory statements that the defendants were deliberately indifferent and denied him medical care without identifying how any of the individual defendants denied him such care. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Although the Court must construe his *pro se* Complaint liberally, Plaintiff's allegations fail to provide enough information to put an individual defendant on notice as to what he or she did to violate his constitutional rights. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). Further, he cannot maintain a claim against IDOC because it is not a "person" under Section 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). *See also Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

This is Plaintiff's second attempt to provide the Court with factual allegations that would state a claim. He fails to offer any facts that would raise his claim to a viable constitutional violation. The Court finds that any additional amendment would be futile. Accordingly, the First Amended Complaint, along with this action, will be **DISMISSED with prejudice**. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

## Disposition

Accordingly, Plaintiff's First Amended Complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted**.** This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 11/22/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**